IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN DAVID BATTAGLIA | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-09-CV-1904-B-BD |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

## **ORDER**

In this death penalty habeas case, Petitioner John David Battaglia has filed *pro se* motions for self-representation and to amend the application for writ of habeas corpus filed by his appointed counsel. Both motions are predicated on an alleged conflict of interest between petitioner and his attorney, Margaret Schmucker -- an allegation that has twice been raised by petitioner and rejected by the court. *See* Orders, 4/21/10 & 9/14/10. Like his prior motions, nothing in the new filings suggests that there is an actual conflict of interest between petitioner and his attorney. Instead, petitioner criticizes Schmucker for failing to consult with him about the issues to be raised on federal habeas review, for manipulating the court's PACER system to prevent him from accessing documents filed with the court, and for filing an "unauthorized and fraudulent Writ of Habeas Corpus . . . which did not include both newly discovered evidence and unraised and unexhausted issues[.]" (*See* Doc. #38 at 3-4, ¶¶ 4-7).

As ordered by the court, respondent and Schmucker have briefed the issue of whether there is a constitutional or statutory right of self-representation in a federal death penalty habeas case. In

addition, Schmucker has filed a response, *ex parte* and under seal, addressing the accusations of professional misconduct made by petitioner, and explaining why she did not raise certain claims in her writ of habeas corpus. After reviewing these responses and the other pleadings filed in this cause, the court finds absolutely no evidence to suggest that Schmucker has failed to adequately represent petitioner herein. To the contrary, Schmucker has represented petitioner with all the skill, diligence, and expertise that would be expected of counsel in a federal death penalty habeas case. Although there is no federal constitutional right to self-representation in post-conviction proceedings, *see Martinez v. Court of Appeal*, 528 U.S. 152, 159, 120 S.Ct. 684, 692, 145 L.Ed.2d 597 (2000), petitioner does have a statutory right to represent himself in federal court. *See* 28 U.S.C. § 1654.[1] However, before allowing petitioner to waive his right to counsel in any case, much less a case of this magnitude, the court must ensure that the waiver is knowing and voluntary. If petitioner is not mentally competent, the court cannot accept his waiver and allow him to proceed *pro se*.

There is at least some evidence that petitioner may not be mentally competent to knowingly and intelligently waive his right to counsel. His rambling and largely unintelligible missives to the court, together with his history of bipolar disorder, suggest that petitioner may not fully appreciate the consequences of representing himself in a federal death penalty habeas proceeding. Alternatively, if petitioner is mentally competent to knowingly and intelligently waive his right to counsel, the court is concerned that he may be attempting to "game" the system -- that is, to

---

[1] This statute provides:

> In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.

28 U.S.C. § 1654.

manufacture a potential ground for appeal regardless of which way the court rules on his motion for self-representation. If the court grants the motion, petitioner may attempt to argue later on that he was not mentally competent to make that decision. If the court denies the motion, petitioner may argue that he has a statutory right to represent himself. The court must guard against any attempt by petitioner to abuse the judicial system in such a manner.

To address these concerns, the court determines that petitioner should be allowed to represent himself for the limited purpose of filing a supplemental application for writ of habeas corpus raising any additional claims he deems appropriate. Accordingly, petitioner's motions for self-representation [Doc. #38] and to amend the writ filed by appointed counsel [Doc. #39] are granted in part. In view of this order, ***the court vacates the February 7, 2011 deadline for respondent to file an answer or otherwise plead***, and enters the following revised briefing schedule:

1. Petitioner may file a *pro se* supplemental application for writ of habeas corpus, raising any additional grounds for relief he deems appropriate, by **March 18, 2011.**

2. Respondent shall file an answer or otherwise plead by **April 18, 2011**. The answer shall address the claims raised by counsel for petitioner in the application for writ of habeas corpus filed on September 22, 2010, as well any claims raised by petitioner in his *pro se* supplemental writ. If respondent contends that any or all of the claims raised by petitioner in his *pro se* supplemental writ are unexhausted and/or procedurally barred, respondent need only brief that defense without addressing the merits of such claims.

3. Counsel for petitioner shall file a reply to respondent's answer by **May 27, 2011**. Within 30 days after counsel files a reply, petitioner may file a *pro se* supplemental reply to respondent's answer. Both replies will be considered by the court.

No other pleadings or motions may be filed by any party without leave of court until the magistrate judge makes a recommendation in this case. After a recommendation is filed, petitioner may reurge his motion for self-representation in all future proceedings before this court, including filing objections to the magistrate judge's recommendation, and on appeal.

The clerk shall send a copy of this order to petitioner, his attorney, and counsel for respondent.

SO ORDERED.

DATED: February 3, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE