Case 3:09-cv-01904-B-BD Document 65 Filed 06/14/11 Page 1 of 3 PageID 448

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN 14 2011
CLERK, U.S. DISTRICT COURT
By _____ Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JOHN DAVID BATTAGLIA,
    Petitioner

v.                                  Cause No. 3-09-CV-1904-B-BD
                                       (Texas Death Penalty Case)

RICK THALER, Director,
Correctional Institution Division,
Texas Department Criminal Justice,
    Respondent

## MOTION TO REMOVE BAR
## FROM RAISING ADDITIONAL CLAIMS
## IN PRO SE SUPPLEMNT TO ORIGINAL FILED WRIT
## AND REINSTATE MOTION FOR STAY AND ABEYANCE

    Petitioner, John David Battaglia, hereby requests permission to move this Court to remove the bar from raising any additional claims in a pro se supplement to his writ filed by court-appointed lawyer and to reinstate his motion for stay and abeyance denied as moot, as stated in ORDER (Doc.#61) dated, May 27, 2011, for the following reasons:

    On Friday, May 13, 2011, at 4:57AM, petitioner handed to TDCJ Corrections Officer (C.O.) McNeil (a Black-female) two First Class Prepaid envelopes marked "LEGAL MAIL" and addressed to the U.S. District Court (U.S.D.C.) and to the Attorney General of Texas. The two marked "LEGAL MAIL" envolopes contained the original and carbon copies of the petitioner's thirty (30) page pro se supplemental application for writ of habeas corpus, verified and signed as of May 12, 2011 and Certified As Mailed on May 13, 2011, per the Rules Governing Section 2254, Rule 3, Filing the Petition; Inmate Filing.

    On May 25, 2011, petitioner received his returned and stamped "FILED & DATED" carbon copy of his Motion for Stay and Abeyance, which was placed in "LEGAL MAIL" on Monday, May 16, 2011 at 5AM. Petitioner then wrote an I-60 (INMATE REQUEST TO OFFICIAL) Form to the mailroom supervisor, Ms. Olvany, requesting that she confirm that the pro se writ was LOGGED in as LEGAL MAIL on May 13, 2011 and placed in the U.S. Postal Service for delivery to the U.S.D.C. and Attorney General of Texas. On May 26, 2011 Ms.Olvany returned the Form I-60 indicating confirmation of both the 5/13 and 5/16 LEGAL MAILINGS LOGGED in as "LEGAL MAIL" and placed in the U.S. POstal Service.

    Also on May 25, 2011, petitioner wrote court appointed counsel, Ms. Schmucker, a request of her to check the Court's electronic docket to confirm the Court's receipt of petitioner's pro se writ, but as of this writing have not heard back from counsel.

    On May 31, 2011, petitioner wrote the Court Clerk to provide confirmation of receiving and filing the May 13, 2011 filed pro se writ, but have not received a responce as of this writing.

On June 1, 2011, petitioner received via "LEGAL MAIL" the Court's ORDER (Doc.#61) barring petitioner from raising any additional claims in a pro se writ and denying his motion for stay and abeyance (Doc.#60).

On June 1, 2011, petitioner wrote to Mr. Dryden at the Texas Attorney General's office requesting he confirm that he received his copy of the filed pro se writ mailed to him via "LEGAL MAIL" on May 13, 2011, and as of this writing have received no reply.

On June 2, 2011, petitioner received, via regular mail, his stamped "FILED & DATED MAY 27, 2011," carbon copy of the first page of the filed pro se supplemental application for writ of habeas corpus, filed per Rules Governing Section 2254, on May 13, 2011. Petitioner has no idea as to what either delayed the U.S. Postal Service's delivery of the package containing the pro se writ or what maybe delayed the clerk's processing and filing of the pro se writ, but can attest that the pro se writ was correctly filed by placing it in the TDCJ internal mail system marked as "LEGAL MAIL" per the Rule 3, Filing the Petition; Inmate Filing. Petitioner cannot obtain verified copies of the prison mail logs because of his "inmate" status, but can point out to the Court that there are two brand new high security cameras placed outside the petitioner's cell and are pointed directly at his cell door #12-BC-39 which could be obtained from TDCJ data-archives to verify the petitioner's handing of the pro se writ to the C.O. McNeil on May 13, 2011, as well as the entire movement of the mail from death-row to the administration building (bldg#1) and to the U.S. Postal Service's truck outside of the Main Entrance (bldg#13).

Based on petitioner's verifiable timely filing of his pro se writ, per Rules Governing Section 2254 (which petitioner followed based on his request for clarification from the Court after alerting the Court in his Motion (Doc.#58) of the time delays in the petitioner's placing documents in the TDCJ LEGAL MAIL and the elapsed time that those documents were received and marked as "FILED" by the Court clerk; to which the Court answered in ORDER (Doc.#59) dated, April 28, 2011, which stated in part,"petitioner need not comply with the requirement of the local rule or miscellaneous orders governing prisoner habeas petitions. Nor is the petitioner required to file his supplemental application for writ of habeas corpus on court-approved forms.") and based on the Clerk of the Court's receipt and returning the carbon copy stamped "FILED & DATED MAY 27, 2011, petitioner would argue that the Court had in fact received the petitioner's pro se supplemental application for writ of habeas corpus at the time the Court issued its May 27, 2011 ORDER (Doc.# 61) and, therefore, requests the Court issue a new or correcting ORDER removing or lifting the bar on the petitioner's additional claims raised in his pro se writ and reinstate the denied motion for stay and abeyance so that the Court may fully consider both companion pleadings as the Court had previously allowed and as the petitioner has intended when he filed them with the Court.

Petitioner prays that the Court will GRANT his request for the removal of the ORDERED bar of his claims and pro se writ and the

denial of his motion for stay and abeyance, and reinstate both pleadings as received and timely filed for the Court's further review.

I, John David Battaglia, the petitioner, verify under the penalty of perjury that the foregoing is true and correct. Executed on the 8th day of June, 2011.

*[signature]*
John David Battaglia
999412
3872 FM 350 South
Livingston, TX 77351

### CERTIFICATION OF CONFERENCE

I do hereby certify, pursuant to Local Rule 7.1(a) of the Court that the petitioner was not able to hold a conference because it is not possible for petitioner to hold a conference from death-row.

*[signature]*
John David Battaglia
pro se movant

### CERTIFICATE OF FILING

I, John David Battaglia, petitioner, certify under penalty of perjury that the foregoing is true and corrrect. Signed on this 8th day of June, 2011, that I have timely deposited in the TDCJ internal mailing system at 5AM, Thursday, June 9, 2011, in a prepaid First Class Postage envelope marked LEGAL MAIL and containing this signed pro se MOTION TO REMOVE BAR..., and one judge's carbon copy, to be LOGGED in as LEGAL MAIL and then placed in the U.S. Postal Service for delivery to the Clerk of the Court-Dallas Div.

*[signature]*
John David Battaglia
999412
3872 FM 350 South
Livingston, TX 77351

### CERTIFICATE OF SERVICE

I do hereby certify that a true and correct carbon copy of the above and foregoing MOTION has been placed in the TDCJ internal mailing system at 5AM, June 9, 2011, to be LOGGED in as LEGAL MAIL and placed in the U.S. Postal Service for delivery to Mr. W. Erich Dryden, Assistant Attorney General, for the Respondent at following:

Attorney General of Texas
Post-Conviction Division
W. Erich Dryden
P.O. BOX 12548
Austin, TX 78711-2548

*[signature]*
John David Battaglia
999412
3872 FM 350 South
Livingston, TX 77351

June 7, 2011                                                                 Legal Mail

Clerk of the Court,

Please file the enclosed Motion in Cause # 3-09-CV-1904-B and the judge's copy.

Please also return the carbon copy stamped "Filed & Dated" to me in the enclosed stamped self addressed envelope. Thank you

Sincerely,

[signature]

