# Terry Lenamon on the Death Penalty

Sidebar with a Board Certified Expert Criminal Trial Attorney



**Terence M. Lenamon** is a Florida Bar certified expert in the area of criminal trial law. With over 17 years experience he has built a reputation as one of Florida's most respected criminal defense lawyers. His defense has been sought by many high-profile clients and has led him through 20 first-degree murder trials and eight death penalty cases. That experience has brought him national recognition as a go-to commentator on death penalty issues. He is the force behind both deathpenaltyblog.com and Florida Capital Resource Center (floridacapitalresourcecenter.org), and can be reached at terry@lenamonlaw.com.

## Terry Lenamon's List of State Death Penalty Mitigation Statutes (Full Text)

**May 10, 2010**

How do the various state legislatures define mercy when writing laws regarding the imposition of the death penalty in their state?  Are all states the same, or do defendants in different states face different measures of mercy?  Is it harder for indigent defense counsel to block a death sentence in some states than others?

In order to answer these questions and more, here is a list of the various state statutes defining mitigating circumstances for their respective jurisdictions:

**Alabama**
Code Section 13A-5-51

Mitigating circumstances shall include, but not be limited to. the following:
(1) The defendant has no significant history of prior criminal activity;
(2) The capital offense was committed while the defendant was under the influence of extreme mental or emotional disturbance;
(3) The victim was a participant in the defendant's conduct or consented to it;
(4) The defendant was an accomplice in the capital offense committed by another person and his participation was relatively minor;
(5) The defendant acted under extreme duress or under the substantial domination of another person;
(6) The capacity of the defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was substantially impaired; and
(7) The age of the defendant at the time of the crime.

**Arizona**
Code Section 13-701E

For the purpose of determining the sentence pursuant to subsection C of this section, the court shall consider the following mitigating circumstances:
1. The age of the defendant.
2. The defendant's capacity to appreciate the wrongfulness of the defendant's conduct or to conform the defendant's conduct to the requirements of law was significantly impaired, but not so impaired as to constitute a defense to prosecution.
3. The defendant was under unusual or substantial duress, although not to a degree that would constitute a defense to prosecution.
4. The degree of the defendant's participation in the crime was minor, although not so minor as to constitute a defense to prosecution.
5. During or immediately following the commission of the offense, the defendant complied with all duties imposed under sections 28-661, 28-662 and 28-663.

**Arkansas**
Code Section 5-4-605

A mitigating circumstance includes, but is not limited to, the following:
(1)The capital murder was committed while the defendant was under extreme mental or emotional disturbance;
(2)The capital murder was committed while the defendant was acting under an unusual pressure or influence or under the domination of another person;
(3)The capital murder was committed while the capacity of the defendant to appreciate the wrongfulness of his or her conduct or to conform his or her conduct to the requirements of law was impaired as a result of mental disease or defect, intoxication, or drug abuse;
(4)The youth of the defendant at the time of the commission of the capital murder;
(5)The capital murder was committed by another person and the defendant was an accomplice and his or her participation was relatively minor; or
(6)The defendant has no significant history of prior criminal activity.

**California**
Code Section 190.3

In determining the penalty, the trier of fact shall take into account any of the following factors if relevant:
(a) The circumstances of the crime of which the defendant was convicted in the present proceeding and the existence of any special circumstances found to be true pursuant to Section 190.1.
(b) The presence or absence of criminal activity by the defendant which involved the use or attempted use of force or violence or the express or implied threat to use force or violence.
(c) The presence or absence of any prior felony conviction.
(d) Whether or not the offense was committed while the defendant was under the influence of extreme mental or emotional disturbance.
(e) Whether or not the victim was a participant in the defendant's homicidal conduct or consented to the homicidal act.
(f) Whether or not the offense was committed under circumstances which the defendant reasonably believed to be a moral justification or extenuation for his conduct.
(g) Whether or not defendant acted under extreme duress or under the substantial domination of

another person.
(h) Whether or not at the time of the offense the capacity of the defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was impaired as a result of mental disease or defect, or the affects of intoxication.
(i) The age of the defendant at the time of the crime.
(j) Whether or not the defendant was an accomplice to the offense and his participation in the commission of the offense was relatively minor.
(k) Any other circumstance which extenuates the gravity of the crime even though it is not a legal excuse for the crime.

## Colorado
Code Section 18-1.3-1201(4)

For purposes of this section, mitigating factors shall be the following factors:
(a) The age of the defendant at the time of the crime; or
(b) The defendant's capacity to appreciate wrongfulness of the defendant's conduct or to conform the defendant's conduct to the requirements of law was significantly impaired, but not so impaired as to constitute a defense to prosecution; or
(c) The defendant was under unusual and substantial duress, although not such duress as to constitute a defense to prosecution; or
(d) The defendant was a principal in the offense which was committed by another, but the defendant's participation was relatively minor, although not so minor as to constitute a defense to prosecution; or
(e) The defendant could not reasonably have foreseen that the defendant's conduct in the course of the commission of the offense for which the defendant was convicted would cause, or would create a grave risk of causing, death to another person; or
(f) The emotional state of the defendant at the time the crime was committed; or
(g) The absence of any significant prior conviction; or
(h) The extent of the defendant's cooperation with law enforcement officers or agencies and with the office of the prosecuting district attorney; or
(i) The influence of drugs or alcohol; or
(j) The good faith, although mistaken, belief by the defendant that circumstances existed which constituted a moral justification for the defendant's conduct; or
(k) The defendant is not a continuing threat to society; or
(l) Any other evidence which in the court's opinion bears on the question of mitigation.

## Connecticut
Code Section 53a-46a(h)

The court shall not impose the sentence of death on the defendant if the jury or, if there is no jury, the court finds by a special verdict, as provided in subsection (e), that at the time of the offense:
(1) the defendant was under the age of eighteen years, or
(2) the defendant was a person with mental retardation, as defined in section 1-1g, or
(3) the defendant's mental capacity was significantly impaired or the defendant's ability to conform the defendant's conduct to the requirements of law was significantly impaired but not so impaired in either case as to constitute a defense to prosecution, or
(4) the defendant was criminally liable under sections 53a-8, 53a-9 and 53a-10 for the offense, which was committed by another, but the defendant's participation in such offense was relatively minor, although not so minor as to constitute a defense to prosecution, or
(5) the defendant could not reasonably have foreseen that the defendant's conduct in the course of

commission of the offense of which the defendant was convicted would cause, or would create a grave risk of causing, death to another person.

**Delaware**
Code Section 11 Del Code 4209(d)

Determination of sentence. --
(1) If a jury is impaneled, the Court shall discharge that jury after it has reported its findings and recommendation to the Court. A sentence of death shall not be imposed unless the jury, if a jury is impaneled, first finds unanimously and beyond a reasonable doubt the existence of at least 1 statutory aggravating circumstance as enumerated in subsection (e) of this section. If a jury is not impaneled, a sentence of death shall not be imposed unless the Court finds beyond a reasonable doubt the existence of at least 1 statutory aggravating circumstance as enumerated in subsection (e) of this section. If a jury has been impaneled and if the existence of at least 1 statutory aggravating circumstance as enumerated in subsection (e) of this section has been found beyond a reasonable doubt by the jury, the Court, after considering the findings and recommendation of the jury and without hearing or reviewing any additional evidence, shall impose a sentence of death if the Court finds by a preponderance of the evidence, after weighing all relevant evidence in aggravation or mitigation which bears upon the particular circumstances or details of the commission of the offense and the character and propensities of the offender, that the aggravating circumstances found by the Court to exist outweigh the mitigating circumstances found by the Court to exist. The jury's recommendation concerning whether the aggravating circumstances found to exist outweigh the mitigating circumstances found to exist shall be given such consideration as deemed appropriate by the Court in light of the particular circumstances or details of the commission of the offense and the character and propensities of the offender as found to exist by the Court. The jury's recommendation shall not be binding upon the Court. If a jury has not been impaneled and if the existence of at least 1 statutory aggravating circumstance as enumerated in subsection (e) of this section has been found beyond a reasonable doubt by the Court, it shall impose a sentence of death if the Court finds by a preponderance of the evidence, after weighing all relevant evidence in aggravation or mitigation which bears upon the particular circumstances or details of the commission of the offense and the character and propensities of the offender, that the aggravating circumstances found by the Court to exist outweigh the mitigating circumstances found by the Court to exist.

(2) Otherwise, the Court shall impose a sentence of imprisonment for the remainder of the defendant's natural life without benefit of probation or parole or any other reduction.

(3)a. Not later than 90 days before trial the defendant may file a motion with the Court alleging that the defendant was seriously mentally retarded at the time the crime was committed. Upon the filing of the motion, the Court shall order an evaluation of the defendant for the purpose of providing evidence of the following:

1. Whether the defendant has a significantly subaverage level of intellectual functioning;

2. Whether the defendant's adaptive behavior is substantially impaired; and

3. Whether the conditions described in paragraphs (d)(1) and (d)(2) of this section existed before the defendant became 18 years of age.

b. During the hearing authorized by subsections (b) and (c) of this section, the defendant and the

State may present relevant and admissible evidence on the issue of the defendant's alleged mental retardation, or in rebuttal thereof. The defendant shall have the burden of proof to demonstrate by clear and convincing evidence that the defendant was seriously mentally retarded at the time of the offense. Evidence presented during the hearing shall be considered by the jury in making its recommendation to the Court pursuant to paragraph (c)(3) of this section as to whether the aggravating circumstances found to exist outweigh the mitigating circumstances found to exist. The jury shall not make any recommendation to the Court on the question of whether the defendant was seriously mentally retarded at the time the crime was committed.

c. If the defendant files a motion pursuant to this paragraph claiming serious mental retardation at the time the crime was committed, the Court, in determining the sentence to be imposed, shall make specific findings as to the existence of serious mental retardation at the time the crime was committed. If the Court finds that the defendant has established by clear and convincing evidence that the defendant was seriously mentally retarded at the time the crime was committed, notwithstanding any other provision of this section to the contrary, the Court shall impose a sentence of imprisonment for the remainder of the defendant's natural life without benefit of probation or parole or any other reduction. If the Court determines that the defendant has failed to establish by clear and convincing evidence that the defendant was seriously mentally retarded at the time the crime was committed, the Court shall proceed to determine the sentence to be imposed pursuant to the provisions of this subsection. Evidence on the question of the defendant's mental retardation presented during the hearing shall be considered by the Court in its determination pursuant to this section as to whether the aggravating circumstances found to exist outweigh the mitigating circumstances found to exist.

## Florida
Code Section 921.141(6)

Mitigating circumstances shall be the following:
(a)  The defendant has no significant history of prior criminal activity.
(b)  The capital felony was committed while the defendant was under the influence of extreme mental or emotional disturbance.
(c)  The victim was a participant in the defendant's conduct or consented to the act.
(d)  The defendant was an accomplice in the capital felony committed by another person and his or her participation was relatively minor.
(e)  The defendant acted under extreme duress or under the substantial domination of another person.
(f)  The capacity of the defendant to appreciate the criminality of his or her conduct or to conform his or her conduct to the requirements of law was substantially impaired.
(g)  The age of the defendant at the time of the crime.
(h)  The existence of any other factors in the defendant's background that would mitigate against imposition of the death penalty.


## Georgia
Code Section 17-10-30/17-10-30.1.

*17-10-30.*
(a) The death penalty may be imposed for the offenses of aircraft hijacking or treason in any case.
(b) In all cases of other offenses for which the death penalty may be authorized, the judge shall consider, or he shall include in his instructions to the jury for it to consider, any mitigating circumstances

or aggravating circumstances otherwise authorized by law and any of the following statutory aggravating circumstances which may be supported by the evidence:

(1) The offense of murder, rape, armed robbery, or kidnapping was committed by a person with a prior record of conviction for a capital felony;

(2) The offense of murder, rape, armed robbery, or kidnapping was committed while the offender was engaged in the commission of another capital felony or aggravated battery, or the offense of murder was committed while the offender was engaged in the commission of burglary or arson in the first degree;

(3) The offender, by his act of murder, armed robbery, or kidnapping, knowingly created a great risk of death to more than one person in a public place by means of a weapon or device which would normally be hazardous to the lives of more than one person;

(4) The offender committed the offense of murder for himself or another, for the purpose of receiving money or any other thing of monetary value;

(5) The murder of a judicial officer, former judicial officer, district attorney or solicitor-general, or former district attorney, solicitor, or solicitor-general was committed during or because of the exercise of his or her official duties;

(6) The offender caused or directed another to commit murder or committed murder as an agent or employee of another person;

(7) The offense of murder, rape, armed robbery, or kidnapping was outrageously or wantonly vile, horrible, or inhuman in that it involved torture, depravity of mind, or an aggravated battery to the victim;

(8) The offense of murder was committed against any peace officer, corrections employee, or firefighter while engaged in the performance of his official duties;

(9) The offense of murder was committed by a person in, or who has escaped from, the lawful custody of a peace officer or place of lawful confinement;

(10) The murder was committed for the purpose of avoiding, interfering with, or preventing a lawful arrest or custody in a place of lawful confinement, of himself or another; or

(11) The offense of murder, rape, or kidnapping was committed by a person previously convicted of rape, aggravated sodomy, aggravated child molestation, or aggravated sexual battery.

(c) The statutory instructions as determined by the trial judge to be warranted by the evidence shall be given in charge and in writing to the jury for its deliberation. The jury, if its verdict is a recommendation of death, shall designate in writing, signed by the foreman of the jury, the aggravating circumstance or circumstances which it found beyond a reasonable doubt. In nonjury cases the judge shall make such designation. Except in cases of treason or aircraft hijacking, unless at least one of the statutory aggravating circumstances enumerated in subsection (b) of this Code section is so found, the death penalty shall not be imposed.

*17-10-30.1*

(a) Imprisonment for life without parole can be imposed in any murder case in which there is found by the court or jury one or more statutory aggravating circumstances as defined by Code Section 17-10-30.

(b) In all cases for which life without parole may be authorized, the judge shall consider, or shall include in the judge´s instructions to the jury for it to consider, any mitigating circumstances or any of the statutory aggravating circumstances specified by Code Section 17-10-30 which may be supported by the evidence.

(c) The statutory instructions as determined by the trial judge to be warranted by the evidence shall be given in charge and in writing to the jury for its deliberation. The jury, if its verdict is a recommendation of life without parole, shall designate in writing, signed by the foreman of the jury, the statutory aggravating circumstance or circumstances which it found beyond a reasonable doubt. In nonjury cases the judge shall make such designation. Unless at least one of the statutory aggravating circum-

stances enumerated in Code Section 17-10-30 is so found, life without parole shall not be imposed.

**Idaho**
Code Section 19-2515(3)
Where a person is convicted of an offense which may be punishable by death, a sentence of death shall not be imposed unless:
(a)  A notice of intent to seek the death penalty was filed and served as provided in section 18-4004A, Idaho Code; and
(b)  The jury, or the court if a jury is waived, finds beyond a reasonable doubt at least one (1) statutory aggravating circumstance. Where a statutory aggravating circumstance is found, the defendant shall be sentenced to death unless mitigating circumstances which may be presented are found to be sufficiently compelling that the death penalty would be unjust. The jury shall not direct imposition of a sentence of death unless it unanimously finds at least one (1) statutory aggravating circumstance and unanimously determines that the penalty of death should be imposed.

**Illinois**
Code Section 720ILCS 5/9-1(c)

Mitigating factors may include but need not be limited to the following:
(1) the defendant has no significant history of prior criminal activity;
(2) the murder was committed while the defendant was under the influence of extreme mental or emotional disturbance, although not such as to constitute a defense to prosecution;
(3) the murdered individual was a participant in the defendant's homicidal conduct or consented to the homicidal act;
(4) the defendant acted under the compulsion of threat or menace of the imminent infliction of death or great bodily harm;
 (5) the defendant was not personally present during commission of the act or acts causing death;
 (6) the defendant's background includes a history of extreme emotional or physical abuse;
 (7) the defendant suffers from a reduced mental capacity.

**Indiana**
Code Section: 50-2-9(c)

(c) The mitigating circumstances that may be considered under this section are as follows:
(1) The defendant has no significant history of prior criminal conduct.
(2) The defendant was under the influence of extreme mental or emotional disturbance when the murder was committed.
(3) The victim was a participant in or consented to the defendant's conduct.
(4) The defendant was an accomplice in a murder committed by another person, and the defendant's participation was relatively minor.
(5) The defendant acted under the substantial domination of another person.
(6) The defendant's capacity to appreciate the criminality of the defendant's conduct or to conform that conduct to the requirements of law was substantially impaired as a result of mental disease or defect or of intoxication.
(7) The defendant was less than eighteen (18) years of age at the time the murder was committed.
(8) Any other circumstances appropriate for consideration.

**Kansas**
Code Section  21-4626.

Mitigating circumstances shall include, but are not limited to, the following:
(1)   The defendant has no significant history of prior criminal activity.
(2)   The crime was committed while the defendant was under the influence of extreme mental or emotional disturbances.
(3)   The victim was a participant in or consented to the defendant's conduct.
(4)   The defendant was an accomplice in the crime committed by another person, and the defendant's participation was relatively minor.
(5)   The defendant acted under extreme distress or under the substantial domination of another person.
(6)   The capacity of the defendant to appreciate the criminality of the defendant's conduct or to conform the defendant's conduct to the requirements of law was substantially impaired.
(7)   The age of the defendant at the time of the crime.
(8)   At the time of the crime, the defendant was suffering from post-traumatic stress syndrome caused by violence or abuse by the victim.
(9)   A term of imprisonment is sufficient to defend and protect the people's safety from the defendant.

**Kentucky**
Code Section 532.025(b)

Mitigating circumstances:
1. The defendant has no significant history of prior criminal activity;
2. The capital offense was committed while the defendant was under the influence of extreme mental or emotional disturbance even though the influence of extreme mental or emotional disturbance is not sufficient to constitute a defense to the crime;
3. The victim was a participant in the defendant's criminal conduct or consented to the criminal act;
4. The capital offense was committed under circumstances which the defendant believed to provide a moral justification or extenuation for his conduct even though the circumstances which the defendant believed to provide a moral justification or extenuation for his conduct are not sufficient to constitute a defense to the crime;
5. The defendant was an accomplice in a capital offense committed by another person and his participation in the capital offense was relatively minor;
6. The defendant acted under duress or under the domination of another person even though the duress or the domination of another person is not sufficient to constitute a defense to the crime;
7. At the time of the capital offense, the capacity of the defendant to appreciate the criminality of his conduct to the requirements of law was impaired as a result of mental illness or retardation or intoxication even though the impairment of the capacity of the defendant to appreciate the criminality of his conduct or to conform the conduct to the requirements of law is insufficient to constitute a defense to the crime; and
8. The youth of the defendant at the time of the crime.


**Louisiana**
Code Section Art. 905.5.

The following shall be considered mitigating circumstances:

(a)  The offender has no significant prior history of criminal activity;
(b)  The offense was committed while the offender was under the influence of extreme mental or emotional disturbance;
(c)  The offense was committed while the offender was under the influence or under the domination of another person;
(d)  The offense was committed under circumstances which the offender reasonably believed to provide a moral justification or extenuation for his conduct;
(e)  At the time of the offense the capacity of the offender to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was impaired as a result of mental disease or defect or intoxication;
(f)  The youth of the offender at the time of the offense;
(g)  The offender was a principal whose participation was relatively minor;
(h)  Any other relevant mitigating circumstance.

**Maryland**
Code Section 2-303(h)(2)

If the court or jury finds beyond a reasonable doubt that one or more of the aggravating circumstances under subsection (g) of this section exist, it then shall consider whether any of the following mitigating circumstances exists based on a preponderance of the evidence:
(i)     the defendant previously has not:
1.    been found guilty of a crime of violence;
2.    entered a guilty plea or a plea of nolo contendere to a charge of a crime of violence; or
3.    received probation before judgment for a crime of violence;
(ii)    the victim was a participant in the conduct of the defendant or consented to the act that caused the victim's death;
(iii)   the defendant acted under substantial duress, domination, or provocation of another, but not so substantial as to constitute a complete defense to the prosecution;
(iv)    the murder was committed while the capacity of the defendant to appreciate the criminality of the defendant's conduct or to conform that conduct to the requirements of law was substantially impaired due to emotional disturbance, mental disorder, or mental incapacity;
(v)     the defendant was of a youthful age at the time of the murder;
(vi)    the act of the defendant was not the sole proximate cause of the victim's death;
(vii)   it is unlikely that the defendant will engage in further criminal activity that would be a continuing threat to society; or
(viii)  any other fact that the court or jury specifically sets forth in writing as a mitigating circumstance in the case.

**Mississippi**
Code Section 99-19-101(6)

Mitigating circumstances shall be the following:
(a) The defendant has no significant history of prior criminal activity.
(b) The offense was committed while the defendant was under the influence of extreme mental or emotional disturbance.
(c) The victim was a participant in the defendant's conduct or consented to the act.
(d) The defendant was an accomplice in the capital offense committed by another person and his participation was relatively minor.
(e) The defendant acted under extreme duress or under the substantial domination of another person.

(f) The capacity of the defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was substantially impaired.
(g) The age of the defendant at the time of the crime.


## Missouri
Code Section 565.032(3)

Statutory mitigating circumstances shall include the following:
(1) The defendant has no significant history of prior criminal activity;
(2) The murder in the first degree was committed while the defendant was under the influence of extreme mental or emotional disturbance;
(3) The victim was a participant in the defendant's conduct or consented to the act;
(4) The defendant was an accomplice in the murder in the first degree committed by another person and his participation was relatively minor;
(5) The defendant acted under extreme duress or under the substantial domination of another person;
(6) The capacity of the defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was substantially impaired;
(7) The age of the defendant at the time of the crime.


## Montana
Code Section 46-18-304

(1) Mitigating circumstances are any of the following:
(a) The defendant has no significant history of prior criminal activity.
(b) The offense was committed while the defendant was under the influence of extreme mental or emotional disturbance.
(c) The defendant acted under extreme duress or under the substantial domination of another person.
(d) The capacity of the defendant to appreciate the criminality of the defendant's conduct or to conform the defendant's conduct to the requirements of law was substantially impaired.
(e) The victim was a participant in the defendant's conduct or consented to the act.
(f) The defendant was an accomplice in an offense committed by another person, and the defendant's participation was relatively minor.
(g) The defendant, at the time of the commission of the crime, was less than 18 years of age.
(2) The court may consider any other fact that exists in mitigation of the penalty.

## Nebraska
Code Section 29-2523 (2)

Mitigating Circumstances:
(a) The offender has no significant history of prior criminal activity;
(b) The offender acted under unusual pressures or influences or under the domination of another person;
(c) The crime was committed while the offender was under the influence of extreme mental or emotional disturbance;
(d) The age of the defendant at the time of the crime;
(e) The offender was an accomplice in the crime committed by another person and his or her participation was relatively minor;

(f) The victim was a participant in the defendant's conduct or consented to the act; or
(g) At the time of the crime, the capacity of the defendant to appreciate the wrongfulness of his or her conduct or to conform his or her conduct to the requirements of law was impaired as a result of mental illness, mental defect, or intoxication.

### Nevada
Code Section 200.035

Circumstances mitigating first degree murder.  Murder of the first degree may be mitigated by any of the following circumstances, even though the mitigating circumstance is not sufficient to constitute a defense or reduce the degree of the crime:
1.  The defendant has no significant history of prior criminal activity.
2.  The murder was committed while the defendant was under the influence of extreme mental or emotional disturbance.
3.  The victim was a participant in the defendant's criminal conduct or consented to the act.
4.  The defendant was an accomplice in a murder committed by another person and the defendant's participation in the murder was relatively minor.
5.  The defendant acted under duress or under the domination of another person.
6.  The youth of the defendant at the time of the crime.
7.  Any other mitigating circumstance.

### New Hampshire
Code Section 630:5(VI).

In determining whether a sentence of death is to be imposed upon a defendant, the jury shall consider mitigating factors, including the following:
(a) The defendant's capacity to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law was significantly impaired, regardless of whether the capacity was so impaired as to constitute a defense to the charge.
(b) The defendant was under unusual and substantial duress, regardless of whether the duress was of such a degree as to constitute a defense to the charge


### New Mexico
Code Section 31-20A-6

The mitigating circumstances to be considered by the sentencing court or the jury pursuant to the provisions of Section 3 [ 31-20A-2 NMSA 1978] of this act shall include but not be limited to the following:
A.    the defendant has no significant history of prior criminal activity;
B.    the defendant acted under duress or under the domination of another person;
C.    the defendant's capacity to appreciate the criminalty [criminality] of his conduct or to conform his conduct to the requirements of the law was impaired;
D.    the defendant was under the influence of mental or emotional disturbance;
E.    the victim was a willing participant in the defendant's conduct;
F.    the defendant acted under circumstances which tended to justify, excuse or reduce the crime;
G.    the defendant is likely to be rehabilitated;
H.    the defendant cooperated with authorities; and
I.    the defendant's age.

## North Carolina
Code Section GS § 15A2000(f)

Mitigating circumstances which may be considered shall include, but not be limited to, the following:
(1)     The defendant has no significant history of prior criminal activity.
(2)     The capital felony was committed while the defendant was under the influence of mental or emotional disturbance.
(3)     The victim was a voluntary participant in the defendant's homicidal conduct or consented to the homicidal act.
(4)     The defendant was an accomplice in or accessory to the capital felony committed by another person and his participation was relatively minor.
(5)     The defendant acted under duress or under the domination of another person.
(6)     The capacity of the defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was impaired.
(7)     The age of the defendant at the time of the crime.
(8)     The defendant aided in the apprehension of another capital felon or testified truthfully on behalf of the prosecution in another prosecution of a felony.
(9)     Any other circumstance arising from the evidence which the jury deems to have mitigating value.

## Ohio
Code Section 2929.04(B)
If one or more of the aggravating circumstances listed in division (A) of this section is specified in the indictment or count in the indictment and proved beyond a reasonable doubt, and if the offender did not raise the matter of age pursuant to section 2929.023 [2929.02.3] of the Revised Code or if the offender, after raising the matter of age, was found at trial to have been eighteen years of age or older at the time of the commission of the offense, the court, trial jury, or panel of three judges shall consider, and weigh against the aggravating circumstances proved beyond a reasonable doubt, the nature and circumstances of the offense, the history, character, and background of the offender, and all of the following factors:
(1) Whether the victim of the offense induced or facilitated it;
(2) Whether it is unlikely that the offense would have been committed, but for the fact that the offender was under duress, coercion, or strong provocation;
(3) Whether, at the time of committing the offense, the offender, because of a mental disease or defect, lacked substantial capacity to appreciate the criminality of the offender's conduct or to conform the offender's conduct to the requirements of the law;
(4) The youth of the offender;
(5) The offender's lack of a significant history of prior criminal convictions and delinquency adjudications;
(6) If the offender was a participant in the offense but not the principal offender, the degree of the offender's participation in the offense and the degree of the offender's participation in the acts that led to the death of the victim;
(7) Any other factors that are relevant to the issue of whether the offender should be sentenced to death.
(C)  The defendant shall be given great latitude in the presentation of evidence of the factors listed in division (B) of this section and of any other factors in mitigation of the imposition of the sentence of death.  The existence of any of the mitigating factors listed in division (B) of this section does not preclude the imposition of a sentence of death on the offender but shall be weighed pursuant to divisions

(D)(2) and (3) of section 2929.03 of the Revised Code by the trial court, trial jury, or the panel of three judges against the aggravating circumstances the offender was found guilty of committing.

### Oklahoma
Code Section OUJI-CR 4-78

Mitigating circumstances are:
1) circumstances that may extenuate or reduce the degree of moral culpability or blame, or
2) circumstances which in fairness, sympathy or mercy may lead you as jurors individually or collectively to decide against imposing the death penalty.

### Oregon
Code Section 163,150(3)(c)(A)

The court shall instruct the jury to consider, in determining the issues in paragraph (b) of this subsection, any mitigating circumstances offered in evidence, including but not limited to the defendant's age, the extent and severity of the defendant's prior criminal conduct and the extent of the mental and emotional pressure under which the defendant was acting at the time the offense was committed.

### Pennsylvania
Code Section 42 Pa C.S.A. Sec 9711(e)

Mitigating circumstances shall include the following:
(1) The defendant has no significant history of prior criminal convictions.
(2) The defendant was under the influence of extreme mental or emotional disturbance.
(3) The capacity of the defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was substantially impaired.
(4) The age of the defendant at the time of the crime.
(5) The defendant acted under extreme duress, although not such duress as to constitute a defense to prosecution under 18 Pa.C.S. § 309 (relating to duress), or acted under the substantial domination of another person.
(6) The victim was a participant in the defendant's homicidal conduct or consented to the homicidal acts.
(7) The defendant's participation in the homicidal act was relatively minor.
(8) Any other evidence of mitigation concerning the character and record of the defendant and the circumstances of his offense.

### South Carolina
Code Section 16-3-20(b)

Mitigating circumstances:
(1) The defendant has no significant history of prior criminal conviction involving the use of violence against another person.
(2) The murder was committed while the defendant was under the influence of mental or emotional disturbance.
(3) The victim was a participant in the defendant's conduct or consented to the act.
(4) The defendant was an accomplice in the murder committed by another person and his participation was relatively minor.

(5) The defendant acted under duress or under the domination of another person.
(6) The capacity of the defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was substantially impaired.
(7) The age or mentality of the defendant at the time of the crime.
(8) The defendant was provoked by the victim into committing the murder.
(9) The defendant was below the age of eighteen at the time of the crime.
(10) The defendant had mental retardation at the time of the crime. "Mental retardation" means significantly subaverage general intellectual functioning existing concurrently with deficits in adaptive behavior and manifested during the developmental period.

**South Dakota**
Code Section 23A-27A-1

Mitigating and aggravating circumstances considered by judge or jury. Pursuant to §§ 23A-27A-2 to 23A-27A-6, inclusive, in all cases for which the death penalty may be authorized, the judge shall consider, or shall include in instructions to the jury for it to consider, any mitigating circumstances and any of the following aggravating circumstances which may be supported by the evidence [list of aggravating factors omitted here].

**Tennessee**
Code Section 39-13-204(c)

In the sentencing proceeding, evidence may be presented as to any matter that the court deems relevant to the punishment, and may include, but not be limited to, the nature and circumstances of the crime; the defendant's character, background history, and physical condition; any evidence tending to establish or rebut the aggravating circumstances enumerated in subsection (i); and any evidence tending to establish or rebut any mitigating factors.

**Texas**
Code Section 37.071 Sec. 2. (a)(1)

If a defendant is tried for a capital offense in which the state seeks the death penalty, on a finding that the defendant is guilty of a capital offense, the court shall conduct a separate sentencing proceeding to determine whether the defendant shall be sentenced to death or life imprisonment without parole. The proceeding shall be conducted in the trial court and, except as provided by Article 44.29(c) of this code, before the trial jury as soon as practicable. In the proceeding, evidence may be presented by the state and the defendant or the defendant's counsel as to any matter that the court deems relevant to sentence, including evidence of the defendant's background or character or the circumstances of the offense that mitigates against the imposition of the death penalty.

**Utah**
Code Section76-3-207 (2) (a)

In capital sentencing proceedings, evidence may be presented on:
(i) the nature and circumstances of the crime;
(ii) the defendant's character, background, history, and mental and physical condition;
(iii) the victim and the impact of the crime on the victim's family and community without comparison to other persons or victims; and
(iv) any other facts in aggravation or mitigation of the penalty that the court considers relevant to the

sentence.
(b) Any evidence the court considers to have probative force may be received regardless of its admissibility under the exclusionary rules of evidence. The state's attorney and the defendant shall be permitted to present argument for or against the sentence of death.

## Virginia
Code Section 19.2-264.4

Evidence which may be admissible, subject to the rules of evidence governing admissibility, may include the circumstances surrounding the offense, the history and background of the defendant, and any other facts in mitigation of the offense. Facts in mitigation may include, but shall not be limited to, the following:
(i) the defendant has no significant history of prior criminal activity,
(ii) the capital felony was committed while the defendant was under the influence of extreme mental or emotional disturbance,
(iii) the victim was a participant in the defendant's conduct or consented to the act,
(iv) at the time of the commission of the capital felony, the capacity of the defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was significantly impaired,
(v) the age of the defendant at the time of the commission of the capital offense, or
(vi) even if § 19.2-264.3:1.1 is inapplicable as a bar to the death penalty, the subaverage intellectual functioning of the defendant.

## Washington
Code Section 10.95.070

In deciding the question posed by RCW 10.95.060(4), the jury, or the court if a jury is waived, may consider any relevant factors, including but not limited to the following:
(1) Whether the defendant has or does not have a significant history, either as a juvenile or an adult, of prior criminal activity;
(2) Whether the murder was committed while the defendant was under the influence of extreme mental disturbance;
(3) Whether the victim consented to the act of murder;
(4) Whether the defendant was an accomplice to a murder committed by another person where the defendant's participation in the murder was relatively minor;
(5) Whether the defendant acted under duress or domination of another person;
(6) Whether, at the time of the murder, the capacity of the defendant to appreciate the wrongfulness of his or her conduct or to conform his or her conduct to the requirements of law was substantially impaired as a result of mental disease or defect. However, a person found to be mentally retarded under RCW 10.95.030(2) may in no case be sentenced to death;
(7) Whether the age of the defendant at the time of the crime calls for leniency; and
(8) Whether there is a likelihood that the defendant will pose a danger to others in the future.

## Wyoming
Code Section 6-2-102(j)

Mitigating circumstances shall include the following:
(i)  The defendant has no significant history of prior criminal activity;
(ii)  The murder was committed while the defendant was under the influence of extreme mental or

emotional disturbance;
(iii)  The victim was a participant in the defendant's conduct or consented to the act;
(iv)  The defendant was an accomplice in a murder committed by another person and his participation in the homicidal act was relatively minor;
(v)  The defendant acted under extreme duress or under the substantial domination of another person;
(vi)  The capacity of the defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was substantially impaired;
(vii)  The age of the defendant at the time of the crime;
(viii)  Any other fact or circumstance of the defendant's character or prior record or matter surrounding his offense which serves to mitigate his culpability.

*Note: This list has been comprised via the internet, using various state legislative sites as well as legal services such as FindLaw. While this compilation has been provided with as much accuracy as possible, any corrections or additions to the above list by practitioners in these states are most welcome.*