IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN DAVID BATTAGLIA | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-09-CV-1904-B |
| WILLIAM STEPHENS, Director | § | |
| Texas Department of Criminal Justice, | § | (Death Penalty Case) |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE,
AND DENYING A CERTIFICATE OF APPEALABILITY**

On August 19, 2013, the United States Magistrate Judge made findings, conclusions, and a recommendation ("Recommendation," doc. 76) to deny habeas corpus relief in this case. John David Battaglia ("Battaglia") has filed objections, and the District Court has made a de novo review of those portions of the Recommendation to which objection was made. The objections are OVERRULED, the Court ACCEPTS the Recommendation, and DENIES Battaglia's application for a writ of habeas corpus for the reasons that follow.

I.

Background

Petitioner was convicted of capital murder and sentenced to death in Dallas County for the murder of his two young daughters during a visitation period in revenge against his former wife, the mother and primary custodian of the children, after he tricked her into listening helplessly to the tragedy on the phone. The facts and procedural history are correctly set forth in the

Recommendation. Rec., 1-4.

## II.

## Claims and Defenses

Battaglia asserts eight grounds for relief through appointed counsel and three supplemental pro se claims for a total of eleven claims. Through appointed counsel, Battaglia claims (1) his execution would violate the Eighth Amendment because of his mental illness, (2) his jury venire did not constitute a fair cross section of the community, (3) the trial court violated his right to a fair and impartial jury when it denied his challenges for cause to veniremembers who had formed opinions regarding his guilt, (4) the trial court violated his right to a fair and impartial jury when it violated state procedures and granted the prosecution's challenges for cause, (5) trial counsel provided ineffective assistance in failing to make a proper mitigation case through (a) inadequate voir dire examinations, (b) improper argument in the punishment stage, (c) failing to present a certain PowerPoint presentation in the punishment stage, and (d) failing to call his father as a witness in the punishment stage, (6) the evidence was legally insufficient to support the future dangerousness special issue, (7) the evidence was factually insufficient to support the future dangerousness special issue, and (8) cumulative error. In his pro se supplemental petition, Battaglia claims (1) he was deprived of an impartial trial court, (2) he was forcibly medicated and unable to meaningfully participate in his trial, and (3) his trial counsel was ineffective due to a conflict of interest. Respondent asserts that Battaglia's seventh claim is not cognizable, that Battaglia's fourth, ninth, tenth and eleventh claims are unexhausted, that Battaglia's second, fourth, fifth, ninth, tenth and eleventh claims are procedurally barred, that Battaglia's ninth, tenth, and eleventh claims are time barred, that Battaglia's first claim is barred by the nonretroactivity doctrine of *Teague v. Lane*, 489

U.S. 288 (1989), and that all of Battaglia's claims lack merit.

## III.

### Recommendation

In his Recommendation, doc. 76, the magistrate judge found that all of the claims should be denied for the following reasons. Regarding the first claim, the state court's finding that the Constitution does not prohibit the execution of mental ill offenders who are not insane or mentally ill was not shown to be contrary to or an unreasonable application of any existing clearly established federal law as determined by the Supreme Court. Rec., 11-12. The first claim also relied upon a new rule of law that has not yet been adopted, and was also barred by *Teague*. Rec., 12. The second claim asserting a fair-cross-section complaint was found to be procedurally barred by the lack of a contemporaneous objection at trial, and in the alternative lacking in merit. Rec., 12-19. Regarding the third and fourth claims, the state court adjudication of the trial court's rulings on challenges to veniremembers for cause were not shown to be contrary to nor an unreasonable application of clearly established federal law. Rec., 19-28. Regarding the fifth claim and its subparts asserting ineffective assistance of counsel, the state court's rejection of the claims was not shown to be incorrect, much less unreasonable. Rec., 28-38. Regarding the sixth claim, the state court's findings of legally sufficient evidence were found to be reasonable and supported by the evidence. Rec., 38-41. Regarding the seventh claim, the state court's refusal to conduct a factual sufficiency review was not shown to be contrary to or an unreasonable application of clearly established federal law. Rec., 41-42. Regarding the eighth claim, the petition asserted no constitutional error to cumulate. Rec., 42-43. The supplemental pro se claims were all found to be unexhausted, procedurally barred, time barred, and in the alternative completely lacking in merit. Rec., 43-59. Battaglia has filed objections

both pro se and through appointed counsel

## IV.

### Standard of Review

Federal habeas review of these claims is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). If the state court denies a claim on the merits, a federal court may not grant relief unless it first determines that the state-court's adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

§ 2254(d). In the context of this analysis, "adjudicated on the merits" is a term of art referring to a state court's disposition of a case on substantive rather than procedural grounds. *Green v. Johnson*, 1160 F.3d 1115, 1121 (5th Cir. 1997). This provision does not authorize habeas relief, but restricts this Court's power to grant relief to state prisoners by barring claims in federal court that were not unreasonably denied by the state courts. The AEDPA limits rather than expands the availability of habeas relief. *See Fry v. Pliler*, 551 U.S. 112, 119 (2007); *Williams v. Taylor*, 529 U.S. 362, 412 (2000). "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." *Harrington v. Richter*, 131 S.Ct. 770, 784 (2011). "This is a 'difficult to meet,' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court rulings be given the benefit of the doubt.'" *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011) (internal citations omitted) (quoting *Richter*, 131

S.Ct. at 786, and *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)).

Under the "contrary to" clause, a federal court is not prohibited from granting federal habeas relief if the state court either arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *See Williams*, 529 U.S. at 412-13; *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). Under the "unreasonable application" clause, a federal court may also reach the merits of a claim on federal habeas review if the state court either unreasonably applies the correct legal rule to the facts of a particular case or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 407; *Chester v. Thaler*, 666 F.3d 340, 344 (5th Cir. 2011). The standard for determining whether a state court's application was unreasonable is an objective one. *See Lindh v. Murphy*, 521 U.S. 320, 327 (1997).

A finding of unreasonableness under § 2254(d) must be made on the record before the state court. "[E]vidence introduced in federal court has no bearing on § 2254(d)(1) review. If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Pinholster*, 131 S.Ct. at 1400. Under § 2254(d)(2), a petitioner must show that the state-court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Such a showing will not, however, authorize federal habeas relief. In the event that the limitation of § 2254(d) is overcome, the federal court must then make an independent determination of whether habeas relief is warranted. *See Panetti v. Quarterman*, 551

U.S. 930, 953 (2007).

## V.

## Claims

Battaglia has filed two sets of objections to the recommended denial of relief. Through appointed counsel, Battaglia objects to the recommended denial of the first five claims in his original petition for habeas relief. In his pro se objections, Battaglia has tendered objections to the recommended denial of his three pro se supplemental claims for habeas relief.

### A. Mental Illness

Battaglia objects to the finding that the state court's resolution of his first claim is not contrary to or an unreasonable application of any existing clearly established federal law as determined by the Supreme Court. In support of this objection, Battaglia argues that he has merely applied the clearly established analytical framework established under *Atkins v. Virginia*, 536 U.S. 304 (2002), and subsequently applied in *Roper v. Simmons*, 543 U.S. 551 (2005), to a new set of facts. Obj., doc. 77, 1-3.

Mississippi death-row inmate Edwin Hart Turner made a similar claim before the Mississippi Supreme Court that was denied. He then complained in federal court that he was denied access to expert assistance on that same claim before his execution, but federal injunctive relief was denied because the inmate identified no viable legal claim for which expert assistance was needed. The United States Court of Appeals for the Fifth Circuit explained:

> Turner raises no viable legal claims. Turner does not claim that he is mentally retarded, *Atkins v. Virginia*, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002), that he is insane, *Ford v. Wainwright*, 477 U.S. 399, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986), or that he was under the age of 18 at the time of his offense, *Roper v. Simmons*, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005). Rather, he argues that

> the Constitution bars the execution of "individuals with severe mental disorders or disabilities, which, at the time of the offense, impaired [their] ability (a) to appreciate the nature, consequences or wrongfulness of [their] conduct; (b) to exercise rational judgment in relation to [their] conduct; or (c) to conform [their] conduct to the requirements of the law." He cites no legal authority for this proposition, and, in fact, we have repeatedly rejected requests to hold that generalized allegations of mental illness bar execution. *See Ripkowski v. Thaler*, 438 Fed.Appx. 296, 303 (5th Cir.2011) ("The Supreme Court has never held that mental illness removes a defendant from the class of persons who are constitutionally eligible for a death sentence."); *In re Neville*, 440 F.3d 220, 221 (5th Cir.2006). Accordingly, even if Turner received access to his experts and even if these experts were able to conclusively prove that Turner fell into the category of individuals he describes, he would still have no constitutional right not to be executed.

*Turner v. Epps*, 460 F. App'x 322, 328 (5th Cir.) *cert. denied*, 132 S. Ct. 1306 (2012).

This Court's de novo consideration of the claim confirms the Recommendation. There is no clearly established federal law in support of this claim. Therefore, the state court's rejection of this claim was not contrary to or an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d). Further, this claim relies upon a new and as yet unadopted rule that would be barred by the nonretroactivity doctrine of *Teague*. 489 U.S. at 310.

Battaglia's objection is OVERRULED, his first claim is DISMISSED as barred, and in the alternative it is DENIED for lack of merit.

### B. Fair Cross Section

Battaglia objects to the findings that his fair-cross-section claim is procedurally barred and, in the alternative, lacks merit. Obj., 3-4. After reviewing this claim de novo, this Court agrees with the Recommendation.

In his second claim, Battaglia complains that he was deprived of his right to a fair and impartial jury because the venire did not reflect a fair cross-section of the community as required by the Sixth Amendment. Pet., doc. 27, 36-50. Specifically, Battaglia complains that his venire was

underrepresented by Hispanic veniremembers, and relies upon an affidavit from Dr. Harold J. Hietala. This asserts the same claim that has been repeatedly rejected in this Circuit for the reasons accurately set forth in the Recommendation. Rec., 14-19 (citing *Rivas v. Thaler*, 432 F. App'x 395, 402-403 (5th Cir.), *cert. denied*, 132 S. Ct. 850 (2011); *Doyle v. Thaler*, No. 3:08-cv-138-B, 2012 WL 2376642, at *8-*11 (N.D. Tex. June 25, 2012); *Escamilla v. Thaler*, No. 3:06-cv-2248-O, 2012 WL 1019605, at *13-*14 (N.D. Tex. Mar. 26, 2012)).

Battaglia's objection is OVERRULED, his second claim is DISMISSED as procedurally barred, and in the alternative it is DENIED for lack of merit.

## C. *Challenges to Veniremembers*

Battaglia asserts objections to the findings recommending the denial of his third and fourth claims regarding challenges to veniremembers, but does not include any reasons or argument to show that the findings are incorrect. Instead, his objections merely summarize the findings supporting the Recommendation to deny relief. Obj., 4-5. This Court's de novo review supports the analysis set forth in the Recommendation on both of these claims.

In his third claim, Battaglia complains of the trial court's denial of his challenges for cause of seven venire members "who had formed an opinion as to his guilt that prevented them from being impartial." Pet., 51. The state court denied the complaint on appeal, finding that the trial court had not abused its discretion, and observing that "all of the venirepersons at issue stated that they could put aside their prior knowledge and opinion and render an impartial verdict." *Battaglia v. State*, 2005 WL 1208949 at *6. As observed in the Recommendation, this is consistent with federal law. Rec., 20 (quoting *Murphy v. Florida*, 421 U.S. 794, 799-800 (1975)).

In his fourth claim, Battaglia complains of the trial court's action in "granting the State's

challenge for cause as to one death-qualified venire member." Pet., 60. In denying the complaint on direct appeal, the state court observed that the juror "was not excused because of his opposition to the death penalty" but because the juror's answers "had foreclosed the possibility of the State being able to prove future dangerousness in a prison society." 2005 WL 1208949 at *6. As correctly set forth in the Recommendation, Battaglia has not shown that this adjudication is contrary to or an unreasonable application of clearly established federal law. See 28 U.S.C. § 2254(d).

The objections are OVERRULED, and Battaglia's third and fourth claims are DENIED for lack of merit.

## D. Ineffective Assistance of Counsel

In his fifth claim, Battaglia complains that his trial counsel was ineffective in presenting a mitigation case at the punishment phase of his trial in several ways: (1) by failing to conduct an adequate voir dire on mitigating evidence, (2) by failing to argue mental illness as a mitigating factor before the jury, (3) by failing to present a certain PowerPoint presentation to the jury, and (4) by failing to call his father as a witness in the punishment stage.

Battaglia makes two objections to the Recommendation. First, Battaglia objects to the "finding that Battaglia has merely argued that 'a different strategy might have been better.'" Obj., 5. In this objection, Battaglia argues that his complaints were not based on a different strategy, but on a failure "to implement the strategy trial counsel had himself chosen." Obj., 5. This objection does not accurately reflect the Recommendation or the claim as alleged.

While the magistrate judge concluded his analysis of the many subparts to this claim by observing that Battaglia "argues that a different strategy might have been better," Rec., 38, that observation was made to the fifth claim generally. The magistrate judge's analysis of the first sub-part

recognized that Battaglia's complaint (that trial counsel failed to question the veniremembers about mitigating evidence) was not based on a difference in trial strategy, but neither was it a failure to implement it. Trial counsel attempted to implement the strategy to question the venire about the definition of mitigating evidence by pretrial motion, but were overruled and prevented from doing so by the trial court applying state law. Rec., 33-35 (quoting extensively from 2 CR at 219-20 and 3 RR 35-36, 41). The remaining subparts may fairly be characterized as complaining that "a different strategy might have been better."

Addressing the subpart complaining about trial counsel's jury argument, the Recommendation correctly observed that trial counsel's "choice of argument is a matter of trial strategy." Rec., 35 (citing *Riley v. Cockrell*, 339 F.3d 308, 315-17 (5th Cir. 2003)). Addressing the subpart complaining of trial counsel's failure to offer a certain PowerPoint presentation, the Recommendation also correctly observed that the "state court found that this evidence was inadmissible and conflicted with trial counsel's strategy." Rec., 36 (citing SHR at 529-30). Addressing the subpart complaining of trial counsel's failure to call Battaglia's father as a witness, the Recommendation also correctly observed that the state court found that presenting the father to testify would have undermined trial counsel's strategy. Rec., 37-38 (quoting SHR at 530). Although the Recommendation included other reasons, the difference in trial strategy formed the basis of most of this claim and was specifically asserted in all but one of the subparts. Therefore, the Recommendation properly referenced that in its conclusion to this claim.

Battaglia's second objection to the recommended denial of this claim is merely a general objection to the finding that his ineffective assistance of trial counsel claims lacked substantive merit. Obj., 5. It asserts no specific deficiencies in the magistrate judge's analysis, and this Court's de novo

review of this claim, and each of its subparts, finds none. The state court's denial of this claim, including all of its subparts, is not contrary to or an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d).

Battaglia's objections are OVERRULED, and his fifth claim is DENIED for lack of merit.

## VI.

## Supplemental Claims

### A. *Deadlines and Hybrid Representation*

Battaglia was served with the Recommendation through his appointed counsel on August 19, 2013, making his deadline for filing objections September 3, 2013. He did not, however, file his pro se objections until September 20, 2013. Pro se Obj., doc. 78. Battaglia asserts that he timely filed his objections, reasoning that his fourteen-day period did not commence until he personally received a copy of the Recommendation on August 26, 2013. Pro se Obj., 1. This expresses a misunderstanding of service for the calculation of the deadline and explains his failure to file the pro se objections on time.

This confusion appears to arise from the prior order authorizing hybrid representation. Order, doc. 44. The magistrate judge allowed this unusual procedure to afford Battaglia the opportunity to present additional claims in a pro se supplemental petition without waiving his right to appointed counsel in light of his complaints against all of his present and prior attorneys and the magistrate judge's own concerns regarding Battaglia's mental competency to waive the appointment of counsel and represent himself in these proceedings. These concerns were well taken, as indicated by Battaglia's continued "rambling and largely unintelligible missives to the court, together with his history of bipolar disorder." Order, doc. 44, 2. Indeed, his objections express a continued desire for

appointed counsel to represent him in these proceedings, but not the one that has been appointed. Pro se Obj., 13-17.

A federal habeas petitioner has no right to hybrid representation, which is an unusual and risky procedure, as indicated by this missed deadline. *See Keen v. Collins*, 998 F.2d 1013, *9 n.20 (5th Cir. 1993) (unpublished) (observing problem with hybrid representation resulting in prejudice to inmate); *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984) ("*Faretta [v. California*, 422 U.S. 806 (1975)] does not require a trial judge to permit "hybrid" representation."); *Lee v. State of Ala.*, 406 F.2d 466, 469 (5th Cir. 1968) (under habeas statute, inmate had right to represent self or be represented by counsel, but had no right to a hybrid representation). Since the purpose of the prior order authorizing hybrid representation has been fulfilled in the filing of the pro se supplemental petition, doc. 62, and the pro se reply, doc. 74, the Court TERMINATES the hybrid representation by separate order. Battaglia shall be represented in the remainder of these proceedings by appointed counsel.

The Court will liberally construe Battaglia's explanation as a pro se motion to extend the deadline and accept the late-filed objections, and GRANTS the extension. Battaglia's pro se objections, doc. 78, are ORDERED filed as of the date tendered to the Court.

## B. Objections

Battaglia objects to the Recommendation that his pro se supplemental claims be dismissed as unexhausted, procedurally barred, and time-barred, and in the alternative that they be denied for lack of merit. The Court OVERRULES these objections and ADOPTS the Recommendation to dismiss, and alternatively to deny, these claims.

Battaglia claims that the Recommendation improperly found that the claims were

unexhausted and procedurally barred. Pro se Obj., 2-12. Assuming, without deciding, that Battaglia diligently tried to have the claims presented to the state court, it is clear that these claims were never properly presented there, and the state court would now refuse to reach the merits of these claims due to the Texas abuse-of-the-writ doctrine. Pro se Obj., 2 (arguing that state habeas relief is "unavailable" on these claims "per the Texas Abuse of Writ Doctrine"); *see also Beazley v. Johnson*, 242 F.3d 248, 264 (5th Cir. 2001) (finding Texas abuse-of-the-writ rule adequate to bar federal review of merits of claims in habeas proceedings). Battaglia argues that this Court should reach the merits of these claims because of the Supreme Court's recent pronouncement in *Trevino v. Thaler*, 133 S. Ct. 1911 (May 28, 2013), that the limited exception to procedural bar created in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), applies to Texas cases. Pro se Obj., 2-5, 10-11. The elements of this exception, however, are not satisfied.

The *Martinez* exception only applies to "substantial" claims of ineffective assistance of trial counsel, "which is to say that the prisoner must demonstrate that the claim has some merit." 132 S. Ct. at 1320. This could only include the last supplemental claim if it were "substantial," since the first two supplemental claims do not rely on the ineffective assistance of trial counsel. As shown in the alternate analysis of the merits of each of these claims, however, none of the claims are shown to be "substantial" because they all have no merit. Rec., 50-59. This Court's de novo consideration of these allegations agrees with the Recommendation.

Battaglia also objects to the Recommendation's findings that his supplemental claims are all time barred. Pro se Obj., 13-17. Battaglia first argues that the claims are not time-barred because he had permission to file them pursuant to a court order. Pro se Obj., 13. The Court order, however, did not find any equitable tolling or even address the time bar. Order, doc. 44. Battaglia

argues that the Recommendation's quote from his prior allegations that "equitable tolling per HOLLAND does not exist in the instant case," Rec., 50, misconstrued his prior allegations. Pro se Obj., 13-14. He argues that he was not conceding that he was not entitled to equitable tolling, but merely that his fact situation was different than in Holland v. Florida, 130 S.Ct. 2549, 2561 (2010). In Holland, the Court stated that a habeas petitioner is entitled to equitable tolling only if he shows "'(1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." 130 S.Ct. at 2562. Assuming arguendo that Battaglia has been diligently pursuing his rights, he has not shown that some extraordinary circumstance prevented his timely filing.

In Holland, the Court found that attorney error can constitute an "extraordinary circumstance" to justify equitable tolling, but held that "the professional mistake must 'amount to egregious behavior'" and not merely the "garden variety claim of excusable neglect,' such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline.'" Brown v. Thaler, 455 F. App'x 401, 407 (5th Cir. 2011) (quoting Holland, 130 S.Ct. at 2563). In the instant case, appointed counsel has filed a timely and thorough petition for writ of habeas corpus in proper form before this Court, and "has represented petitioner with all the skill, diligence, and expertise that would be expected of counsel in a federal death penalty habeas case." Order, doc. 44, 2. Battaglia's pro se objections identify no "egregious conduct" of appointed counsel, or even any attorney error. Instead, Battaglia appears to complain of appointed counsel's prior experience in death penalty cases, asserts an unsupported allegation of misconduct in a different case, and makes unsupported suggestions of conspiracy, but he mostly complains that appointed counsel refused to assert the frivolous claims included in Battaglia's pro se supplemental petition. Pro se Obj., 13-17. Appointed counsel,

however, has no obligation to present meritless claims. "Failure to raise meritless objections is not ineffective lawyering; it is the very opposite." *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994).

Battaglia also argues that his supplemental claims relate back to those in the original petition. As correctly observed by the magistrate judge, however, these supplemental claims assert "new ground[s] for relief supported by facts that differ in both time and type from those the original pleading set forth." Rec., 49 (quoting *Mayle v. Felix*, 545 U.S. 644, 650 (2005)). This Court's de novo review supports the Recommendation. The supplemental claims not only differ but contradict the original claims in material ways. The hybrid representation previously authorized for this purpose has resulted in the presentation of inconsistent factual allegations for the Court to resolve.[1] Therefore, the supplemental claims do not "relate back" to the original claims under Fed. R. Civ. P. 15(c) and are time barred.

The pro se objections are OVERRULED, and Battaglia's ninth, tenth and eleventh claims are DISMISSED as time-barred and as procedurally barred, and in the alternative these claims are all DENIED for lack of merit.

## VII.

### Other Claims

Battaglia asserts no objection to the denial of his complaints regarding the sufficiency of evidence to support the future dangerousness special issue and the cumulative error claim. Pet., 86-97. Therefore, Battaglia has waived any complaint regarding those portions of the Recommendation. Rec., 38-43. Had he objected, the Court finds in the alternative that those

---

[1] This is another manifestation of the problem created by the hybrid representation allowed in this case. Since the factual assertions in the supplemental petition also contradict themselves and the record before the Court, however, it easy to resolve the conflict in these allegations.

portions of the Recommendation are correct and proper. See *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1420, 1428-29 (5th Cir. 1996).

Battaglia's sixth, seventh and eighth claims are DENIED for lack of merit.

## VIII.

## Conclusion

Battaglia's objections are OVERRULED and the Recommendation is ADOPTED. The petition for writ of habeas corpus is DENIED.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court DENIES a certificate of appealability. The Court ADOPTS and INCORPORATES by reference the Recommendation filed in this case in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

SO ORDERED.

Date: October 9th, 2013.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE